**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY
A True Copy
Teste:
Deputy Clerk
of the United States
Court of Appeals for the
Seventh Circuit

Submitted October 25, 2021[*]
Decided October 25, 2021

**Before**

WILLIAM J. BAUER, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

| | |
|---|---|
| No. 20-1625 | |
| SIDNEY HARRIS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Central District of Illinois. |
| *v.* | No. 18-4095 |
| CRAIG JONES, et al., | Sara Darrow, |
| *Defendants-Appellees.* | *Chief Judge.* |

**O R D E R**

Sidney Harris, a state inmate, maintains that prison correctional and medical staff violated his Eighth Amendment rights by denying him medical treatment when he could not walk, refusing his requests to use a toilet, and delaying his access to a shower. The district court entered summary judgment for the defendants because no jury could

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

4:18-cv-04095-SLD   # 69   Filed: 11/16/21   Page 2 of 8
Case: 20-1625   Document: 00713911642   Filed: 11/16/2021   Pages: 5   (2 of 8)

No. 20-1625 Page 2

find that the defendants acted with deliberate indifference or that Harris's short periods without toilet and shower access amounted to constitutional violations. We affirm.

We recount the facts in the light most favorable to Harris. *See Hackett v. City of South Bend*, 956 F.3d 504, 507 (7th Cir. 2020). In May 2016, Harris felt dizzy and developed pain and swelling in his leg after he popped a boil in his knee. He sought medical care and for three days he was in and out of the infirmary, where non-party prison nurses gave him ibuprofen and ice packs. He also saw appellee Roxanne Hawk, a registered nurse, and told her that he could not walk because of the pain and dizziness. Soon after, Hawk observed him walking with a limp. A physician eventually prescribed antibiotics as a preventative measure against infection and sent him back to his housing unit.

Back in his housing unit, Harris again began experiencing dizziness and difficulty walking, and he requested emergency medical attention. Hawk and appellee Craig Jones, a prison lieutenant, transported Harris to the healthcare unit. Harris stayed there only briefly. Because he complained of dizziness and a headache, Hawk gave him two large glasses of water for hydration. Believing that no further treatment was necessary, Hawk told Jones that Harris could walk back to his housing unit; Harris objected that he felt no better.

Jones ordered Harris three times to get up and walk back to his housing unit, but Harris insisted that he could not comply. Hawk and Jones accused him of "faking" an inability to walk. Because Harris disobeyed Jones's direct orders, Jones wrote him a disciplinary ticket and placed him in a segregation holding cell.

About 15 minutes after arriving in the holding cell, Harris told appellee Ryan Oelberg, the only correctional officer present, that he needed to use the restroom. Oelberg refused to let Harris leave his cell, which had no toilet. Twice more, Harris reiterated his urgent need to urinate. About two minutes after his third and final request, Harris lost control and urinated in his clothes. Oelberg cited him for a hygiene violation.

For three days, Harris was unable to shower or change out of his soiled jumpsuit. After 40 minutes in the holding cell, Harris was transferred to another segregation cell with a sink but no soap. The next day, he received a clean undershirt and underwear, along with hygiene items including soap, towels, and a washcloth. But during his three days in segregation, he had no access to a shower or other clean laundry.

No. 20-1625 Page 3

Harris brought this prisoners' rights action against Jones, Hawk, and Oelberg. *See* 42 U.S.C. § 1983. He asserted that Jones and Hawk were deliberately indifferent to his serious medical needs when they ordered him out of the infirmary after he told them he could not walk. He added that Jones acted with deliberate indifference by placing him in segregation for disobeying three commands to walk. And he asserted that Oelberg twice subjected him to unconstitutional conditions of confinement, first by denying him access to a toilet and again by denying him access to a shower and clean jumpsuit for three days. (Other claims and defendants were either dismissed at screening or abandoned on appeal, and we say nothing more about them.)

The district court granted the defendants' motions for summary judgment. Regarding the claims against Hawk and Jones, the court concluded that no reasonable jury could find that Hawk failed to exercise professional judgment or that Jones exposed Harris to a significant risk of harm. With respect to Harris's conditions-of-confinement claims against Oelberg, the court concluded that no reasonable jury could find that Harris experienced sufficiently extreme deprivations. As the court explained, enduring 40 minutes without toilet access did not raise constitutional concerns, and Harris suffered no physical harm in the three days he waited to shower or replace his soiled jumpsuit.

As a threshold matter, we take a moment to confirm that our jurisdiction over this appeal is secure. Harris's notice of appeal was filed late because he mistakenly mailed it to the wrong district court. He addressed the envelope to the District Court for the Southern—rather than Central—District of Illinois but otherwise complied with the prison mailbox rule. *See Taylor v. Brown*, 787 F.3d 851, 858–59 (7th Cir. 2015); FED. R. APP. P. 4(c)(1). The Southern District received the mailing after the deadline to appeal and, in turn, forwarded it to the Central District. *See* 28 U.S.C. § 1631. Applying the prison mailbox rule and § 1631, we treat the notice as filed in the Central District on the date Harris mailed it.

On the merits, Harris argues that Hawk and Jones displayed deliberate indifference by ordering him out of the infirmary despite his protestations that he could not walk. In his view, the district court should have inferred malicious intent from their statements that he was "faking."

Summary judgment on this claim was proper because no reasonable jury could find that Hawk or Jones knew of any serious medical need. *See Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Harris offers

No. 20-1625                                                                 Page  4

only one reason to believe that Hawk and Jones knew that he could not walk: he told them so. But neither Hawk nor Jones was required to accept his assertions. Hawk, as a medical professional, was entitled to form her own judgment about Harris's condition, provided that she followed accepted medical standards. *See Holloway v. Del. Cnty. Sheriff*, 700 F.3d 1063, 1073 (7th Cir. 2012); *see also Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 690 (7th Cir. 2013) (suggesting no deliberate indifference if nurse mistakenly believed that plaintiff lied about his pain). Hawk examined Harris and recalled that, two days earlier, she had spotted him walking just minutes after he insisted he could not do so. She concluded that he could walk and did not require further treatment, and Harris offers no reason to question her medical judgment. And Jones, who lacked medical training, permissibly deferred to Hawk's assessment. *Giles v. Godinez*, 914 F.3d 1040, 1049 (7th Cir. 2019), *cert. denied,* 140 S. Ct. 50 (2019); *see also Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018) (no deliberate indifference where guard reasonably disbelieves prisoner's assertion).

     As for his conditions-of-confinement claim, Harris argues that the district court overlooked evidence that Oelberg acted out of malice in denying him access to a toilet and later to a shower and clean jumpsuit. But Oelberg's state of mind was irrelevant because, as the court correctly concluded, Harris's conditions of confinement did not raise constitutional concerns. Temporary lack of toilet access is not cruel and unusual punishment. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Harris spent only 15 minutes in the holding cell before urinating on himself and only 40 minutes altogether in the cell. And after Harris urinated in his clothes, he waited only one day for soap and clean underclothes and three days for a clean jumpsuit and a shower. This brief delay in receiving hygiene items did not amount to a denial of the "minimal civilized measure of life's necessities" guaranteed by the Eighth Amendment. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (citation omitted); *see Harris v. Fleming*, 839 F.2d 1232, 1235–36 (7th Cir. 1988) (no constitutional violation where prison officials failed to provide prisoner with toilet paper for five days and with soap, toothbrush, and toothpaste for ten days); *Shakka v. Smith*, 71 F.3d 162, 167–68 (4th Cir. 1995) (same where inmate who had human waste thrown on him by other inmates received cleaning supplies promptly but could not shower for three days).

     Finally, Harris maintains that the district court exhibited bias against him by rejecting arguments that he believes to be well supported in the record. But an adverse ruling does not alone show judicial bias, and Harris points to nothing more. *See Trask v. Rodriguez*, 854 F.3d 941, 944 (7th Cir. 2017) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

No. 20-1625 Page 5

We have considered Harris's other arguments, and none has merit.

AFFIRMED

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT



Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604

Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## FINAL JUDGMENT

October 25, 2021

Before

**WILLIAM J. BAUER,** *Circuit Judge*
**MICHAEL S. KANNE,** *Circuit Judge*
**MICHAEL B. BRENNAN,** *Circuit Judge*

| No. 20-1625 | SIDNEY HARRIS,<br>            Plaintiff - Appellant<br><br>v.<br><br>CRAIG JONES, et al.,<br>            Defendants - Appellees |
|---|---|
| **Originating Case Information:** ||
| District Court No: 4:18-cv-04095-SLD<br>Central District of Illinois<br>District Judge Sara Darrow ||

The judgment of the District Court is **AFFIRMED**, with costs, in accordance with the decision of this court entered on this date.

form name: **c7_FinalJudgment**    (form ID: **132**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

## NOTICE OF ISSUANCE OF MANDATE

November 16, 2021

To: Shig Yasunaga
UNITED STATES DISTRICT COURT
Central District of Illinois
Davenport, IA 52801-0000

| | |
|---|---|
| No. 20-1625 | SIDNEY HARRIS,<br>　　　　　Plaintiff - Appellant<br><br>v.<br><br>CRAIG JONES, et al.,<br>　　　　　Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 4:18-cv-04095-SLD<br>Central District of Illinois<br>District Judge Sara Darrow ||

Herewith is the mandate of this court in this appeal, along with the Bill of Costs, if any. A certified copy of the opinion/order of the court and judgment, if any, and any direction as to costs shall constitute the mandate.

| | |
|---|---|
| AMOUNT OF BILL OF COSTS (do not include the $): | 132.00 |
| DATE OF MANDATE OR AGENCY CLOSING LETTER ISSUANCE: | 11/16/2021 |
| RECORD ON APPEAL STATUS: | No record to be returned |

form name: **c7_Mandate**   (form ID: **135**)

# UNITED STATES COURT OF APPEALS FOR THE SEVENTH CIRCUIT

Everett McKinley Dirksen
United States Courthouse
Room 2722 - 219 S. Dearborn Street
Chicago, Illinois 60604



Office of the Clerk
Phone: (312) 435-5850
www.ca7.uscourts.gov

**BILL OF COSTS**

November 16, 2021

Taxed in Favor of: **Appellee Roxanne Hawk**

|  | |
|---|---|
| No. 20-1625 | SIDNEY HARRIS,<br>    Plaintiff - Appellant<br><br>v.<br><br>CRAIG JONES, et al.,<br>    Defendants - Appellees |
| **Originating Case Information:** ||
| District Court No: 4:18-cv-04095-SLD<br>Central District of Illinois<br>District Judge Sara Darrow ||

The mandate or agency closing letter issued in this cause on November 16, 2021.

BILL OF COSTS issued in the amount of: $132.00.

|  | | Cost of Each Item | Total Cost Each Item |
|---|---|---|---|
| 1. | For docketing a case on appeal or review or docketing any other proceeding: | _____ | _____ |
| 2. | For reproduction of any record or paper, per page: | _____ | _____ |
| 3. | For reproduction of briefs: | _____ | $132.00 |
|  | TOTAL: |  | $132.00 |

form name: **c7_BillOfCosts**   (form ID: **140**)